**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**　　　　　　　　　5:05-CV-698
　　　　　　　　　　　　　　　　　　　　　　　(NAM/GJD)
**v.**

**$31,800 IN UNITED STATES CURRENCY,**

        **Defendant.**
_____

**ORDER**

On March, 9, 2006, the Court entered an Order directing entry of an uncontested judgment of forfeiture with regard to the above-referenced $31,800 in United States currency. Dkt. no. 17. In a motion dated July 17, 2006, Gulrez Akbar, appearing *pro se*, requested that the Court reopen this matter to allow him to contest the forfeiture. Rule 60(b) of the Federal Rules of Civil Procedure allows the court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment." It is within the court's broad discretion to grant relief under Rule 60(b). *See Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990); *United States v. U.S. Currency in the Amount of $41,807, More or Less*, 795 F.Supp. 540, 542 (E.D.N.Y.1992) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief [and] when the judgment may work an extreme and undue hardship." *Nemaizer*, 793 F.2d 63 (citation omitted).

In an Order dated October 19, 2005, the Court directed Akbar to interpose his claim and answer within thirty days of service of the Order. Dkt. no. 9. In a letter from Akbar, appearing *pro se*, filed October 31, 2005, entitled "Answer Claim", Akbar acknowledged receipt of the Court's October 19, 2005, Order and advised that he did not know how to answer the claim, and requested that the Court accept the letter as his claim. Dkt. no. 10. In a letter dated November 28, 2005, the government advised the Court that the United States Attorney's Office did "not accept Mr. Akbar's letter as his claim and answer" because it did not conform to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure. Dkt. no. 11. The government therefore requested that the Court direct entry of an uncontested judgment of forfeiture. *Id*. In an Order dated December 12, 2005, the Court denied the government's request for entry of uncontested judgment of forfeiture. Dkt. no. 12. In a Order entered on January 6, 2006, the Court, noting that Akbar's "Answer Claim" filed on October 31, 2005, Dkt. no.10, was not sworn or otherwise verified, and that Akbar had not filed a separate answer as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, directed Akbar file and serve a verified claim which included a statement identifying his interest or right in the property at issue, and an answer, within thirty days. Dkt. no. 14. On March 9, 2006, having received no verified claim or answer from Akbar, the Court entered an Order directing entry of an uncontested judgment of forfeiture. Dkt. no. 17.

In his "Affirmation of Motions", Akbar states that he attempted to appear before the Court in October 2005, for the motion hearing on this matter and that he has filed a claim and answer. Dkt. no. 22. To date, however, Akbar has not filed a verified claim and answer as required by Rule C(6), despite receiving an extension of time within which to do so as well as

specific instructions regarding the required documents.  *See* Dkt. no. 14.  Accordingly, Akbar has failed to identify any ground upon which would justify relief from judgment in this matter.

For the foregoing reasons, it is hereby

ORDERED that the Motion to Reopen is Denied.

IT IS SO ORDERED.

Date: October 24, 2007

_____
Norman A. Mordue
Chief United States District Court Judge